Case 5:20-cv-00201   Document 20   Filed on 04/13/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. ACTION NO. 5:19-CR-338-1 |
| | § | CRIM. ACTION NO. 5:19-CR-407-1 |
| ALEJANDRO HERNANDEZ-TINAJERO | § | |

## MEMORANDUM & ORDER

In August of 2019, the Court sentenced Defendant Alejandro Hernandez-Tinajero ("Defendant"), USM No. 62381-056, to 37 months of imprisonment for re-entry of a deported alien in Criminal Action No. 5:19-CR-338-1. (Dkt. 36 at 1–2.)[1] The Court imposed the 37-month sentence consecutive to a 3-month sentence imposed in Criminal Action No. 5:19-CR-407-1 for a total of 40 months of imprisonment. (*Id.* at 2.) The 3-month sentence was imposed for Defendant's violations of the terms of his supervised release pursuant to a prior sentence from the District Court for the Eastern District of North Carolina. (*See* Dkts. 2, 15 from Crim. Action No. 5:19-CR-407-1.)

Now pending is the Motion to Reduce Term of Imprisonment to Time Served (Dkt. 38) filed by the United States of America and the Director of the Federal Bureau of Prisons (collectively, the "Government").[2] The Government requests that the Court reduce Defendant's term of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*Id.* at 1.) The Government explains that Defendant has been diagnosed with a terminal illness that now

---

[1] All "Dkt." cites refer to docket entries in Criminal Action No. 5:19-CR-338-1 unless otherwise specified in the citation.
[2] The Court notes that the Government filed the same motion in Criminal Action No. 5:19-CR-407-1 as Dkt. 16. For the sake of efficiency, this Order only cites the Government's motion as Dkt. 38 in Criminal Action No. 5:19-CR-338-1 because the motions in both dockets are identically paginated.

warrants his release. (*Id.*) The Government also notes that Defendant plans to reside with his wife in Rocky Mount, North Carolina once he is released. (*Id.* at 2.) Having considered the relevant law and facts, the Court concludes that the motion for sentence reduction (Dkt. 38) should be granted.

## Legal Standard

Title 18, United States Code, Section 3582(c) governs "[m]odification of an imposed term of imprisonment." Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence either (1) upon motion by the Director of the Bureau of Prisons (BOP); or (2) upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Specifically, Section 3582(c)(1)(A)(i) permits the Court to "reduce [a prisoner's] term of imprisonment (and [to] impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission" in making this determination. *Id.*

## Discussion

Here, the Government filed a motion (Dkt. 38) to reduce Defendant's sentence under § 3582(c)(1)(A)(i). (*Id.* at 1.) Therefore, the Court need not determine whether Defendant has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

The Court must next decide if extraordinary and compelling reasons warrant Defendant's

release. According to the Sentencing Commission's policy statement, one way a medical condition qualifies as an extraordinary and compelling reason is if "[t]he defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)."[3] U.S.S.G. § 1B1.13, comment n. 1(A)(i). The Government's motion (Dkt. 38) indicates that Defendant "has been diagnosed with stage IVB squamous carcinoma of the tonsil which has spread to brain metastases." (*Id.* at 1.) Moreover, this condition "is considered terminal with a poor prognosis, a life expectancy of less than 18 months, and an end-of-life trajectory." (*Id.* at 1–2.) The Court therefore concludes that Defendant is suffering from a terminal illness that constitutes an extraordinary and compelling reason warranting release.

Next, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) prior to granting Defendant a sentence reduction. These factors include, for example, the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) afford adequate deterrence to criminal conduct; and (3) protect the public from further crimes of the defendant.[4] 18 U.S.C. § 3553(a)(2). Defendant has served over half of his imposed sentence and has a projected good conduct time release date of January 19, 2022. (Dkt. 38 at 1.) In addition, Defendant was convicted of a non-violent crime involving no identifiable victims. (*See* Dkt. 30 at 4.) The Court concludes that the sentence Defendant has served so far reflects the seriousness of his offense and affords adequate deterrence to criminal conduct.

Finally, to conclude that Defendant's sentence is no longer necessary to protect the public

---

[3] The Court recognizes that the Fifth Circuit very recently determined that the Sentencing Commission's policy statement (i.e., U.S.S.G. § 1B1.13) no longer applies to § 3582(c)(1)(A) motions by prisoners but that it still applies to "motion[s] of the Director of the Bureau of Prisons." *See United States v. Shkambi*, No. 20-40543, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). Here, the motion (Dkt. 38) was filed by the Director of the BOP, so the policy statement still applies.

[4] To be clear, the Court has also considered the remaining factors provided in § 3553(a) and concludes they do not preclude Defendant's release. *See* 18 U.S.C. § 3553(a)(1)–(7).

from further crimes, the Court must also determine that "the defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2). The Court notes that Defendant has an extensive criminal history of driving while impaired and other driving related misdemeanors. (Dkt. 30 at 6–9.) Although this criminal history raises significant concerns regarding public safety given that Defendant remains independent and active, the Court concludes that these concerns are mitigated for two reasons. (*See* Dkt. 38 at 1.) First, the Court finds that the concerns related to his criminal history are outweighed by his medical circumstances. Second, a district court has "wide discretion" in imposing terms and conditions of supervised release, and the Court uses that discretion here to ensure that Defendant's release comports with public safety needs. *See United States v. Vigil*, 989 F.3d 406, 409 (5th Cir. 2021) (describing the circumstances under which a district court may impose supervised release conditions). Accordingly, the Court finds that Defendant's release is not precluded by the § 3553(a) factors or the applicable policy statement, but it imposes the below-specified conditions of supervised release.

## Conclusion

For the foregoing reasons, the Government's Motion to Reduce Term of Imprisonment to Time Served (Dkt. 38) is hereby GRANTED.[5] It is further ORDERED that Defendant's sentence shall be reduced to a term of **time served** as to Count One of the Indictment in the instant case (Dkt. 14) and **time served** as to Violations One and Two of his term of supervised release pursuant to Criminal Action No. 5:19-CR-407-1. (*See* Dkt. 15 from Crim. Action No. 5:19-CR-407-1.) To the extent necessary, and to be clear in the judgment, the time served sentences in both cases are concurrent to each other.

---

[5] This Order applies equally to the motion filed in Criminal Action No. 5:19-CR-407-1. (*See* Dkt. 16 from Crim. Action No. 5:19-CR-407-1.)

Upon release from imprisonment, Defendant shall begin his three-year term of supervised release as to Count One. The Court imposes the mandatory, standard, and special conditions described in Defendant's original Judgment (Dkt. 36). (*Id.* at 3–4.) The Court further imposes the following additional terms of supervised release:

1. Defendant shall be placed into home incarceration with electronic monitoring for the first **6 months** of his term of supervised release.[6]
2. Defendant shall abstain from the use of alcohol.
3. Defendant shall be prohibited from operating a motor vehicle.

These new terms of Defendant's supervised release will be reflected in an amended judgment. Defendant is further ORDERED to contact the United States Probation Office for the Eastern District of North Carolina within 72 hours of release.

IT IS SO ORDERED.

SIGNED this 13th day of April, 2021.

Diana Saldaña
United States District Judge

---

[6] Consistent with 18 U.S.C. § 3563(b)(19), the Court imposes this condition as an alternative to incarceration. *See* 18 U.S.C. § 3563(b)(19).